# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Coffey, et al., <br><br> Plaintiff, <br><br> v. <br><br> United States Government <br><br> Defendant. | Case No. 2:24-cv-01304-GMN-BNW <br><br> **ORDER** |

Before the Court is Plaintiff's application to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis*. The court now screens Plaintiff's complaint.

I.     **ANALYSIS**

    **A. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the Complaint

Plaintiff alleges he is a member of the Church of Arctura. He also alleges it is his religious belief that he is to consume methamphetamine in order to stimulate his senses to allow for scientific breakthroughs. But, given that the use of methamphetamine is prohibited by federal law, he alleges the United States Government is interfering with his ability to satisfy his religious beliefs.

To succeed on his Religious Freedom Reformation Act claim, Plaintiff must prove (1) the activities he claims are burdened by Defendants' action are an exercise of religion, and (2) Defendants' action substantially burdened his exercise of religion. *Oklevueha Native Am. Church of Haw., Inc. v. Lynch*, 828 F.3d 1012, 1014 (9th Cir. 2016).

Here, Plaintiff meets the first element by alleging that the use of methamphetamine is an exercise of his religion. But he does not allege any facts as to the second element: how does the prohibition of the use of methamphetamine *substantially* burden his exercise of religion? As a result, the Court recommends that Plaintiff's complaint be dismissed with leave to amend.

In addition, the complaint also violates the general rule prohibiting *pro se* plaintiffs, such as Plaintiff, from pursuing claims on behalf of others in a representative capacity. *See Simon v. Hartford Life & Accident Ins. Co.,* 546 F.3d 661, 664 (9th Cir. 2008). As a result, the Court recommends that Plaintiff Church of Arctura be dismissed without prejudice.

/ / /

## II.	CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that (1) Plaintiff's complaint be dismissed with leave to amend and (2) that The Church of Arctura be dismissed as a Plaintiff as it cannot be represented by a pro se party.

**IT IS FURTHER RECOMMENDED** that Plaintiff have until September 22, 2024, to file an amended complaint. Failure to file an amended complaint by that date may result in dismissal of the case. Plaintiff is advised that if he chooses to file an amended complaint, the original complaint no longer serves any function in this case. As such, if he files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 22, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE